# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 22-1931V

|  |  |
|---|---|
| JOSEPH PILCHER,<br><br>               Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>               Respondent. | Chief Special Master Corcoran<br><br>Filed: November 12, 2025 |

*Mark Theodore Sadaka, Law Offices of Sadaka Associates, LLC, Englewood, NJ, for Petitioner.*

*Irene Angelica Firippis, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

On December 30, 2022, Joseph Pilcher filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that he suffered injuries to his left arm following an influenza vaccination he received on August 17, 2020. Petition, ECF No. 1. On June 13, 2025, I issued a decision awarding compensation to Petitioner based on the parties' stipulation. ECF No. 36.

---

[1]Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $27,511.64 (representing $26,955.50 in fees plus $556.14 in costs). Application for Attorneys' Fees and Costs ("Motion") filed September 26, 2025, ECF No. 42. Furthermore, Petitioner filed a signed statement representing that no personal out-of-pocket expenses were incurred. ECF No. 40.

Respondent reacted to the motion on October 9, 2025, indicating that he is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case but deferring resolution of the amount to be awarded to my discretion. Motion at 2-4, ECF No. 43. Petitioner filed a reply requesting an award of fees and costs as indicated in the Motion. ECF No. 44.

I have reviewed the billing records submitted with Petitioner's request. In my experience, the request appears reasonable, and I find no cause to reduce the requested hours or rates. Respondent offered no specific objection to the rates or amounts sought.

Furthermore, I have reviewed the requested costs and find the majority of them to be reasonable, with the exception of $50.00 in requested costs for an administrative fee that has not been substantiated by any supporting documentation. ECF No. 42 at 28-36. When Petitioners fail to provide appropriate documentation to substantiate a requested cost, special masters have refrained from awarding the relevant sum. See, e.g., Gardner-Cook v. Sec'y of Health & Hum. Servs., No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005). It is also unclear from the billing records submitted in support thereto, whether such administrative fee is related to this Vaccine Claim. **Thus, I disallow reimbursement of the unsubstantiated cost, hereby reducing the total amount of litigation costs to be awarded by $50.00.**

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT, in part, Petitioner's Motion for attorney's fees and costs. **Petitioner is awarded attorneys' fees and costs in the total amount of $27,461.64 (representing $26,955.50 in fees plus $506.14 in costs) to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.**

2

In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.